UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DANA STEPHENSON

       Plaintiff,

                Civil Action No.: 20-cv-01332

   -against-

EXCLUSIVE MOTOR-SPORTS LLC, EXCLUSIVE  **ANSWER TO SECOND**
MOTOR SPORTS & COLLISION CENTER LLC,   **AMENDED COMPLAINT**
EXCLUSIVE MOTOR CARS LLC and
BETHPAGE FEDERAL CREDIT UNION,

       Defendants.
-------------------------------------------------------------------X

   Defendants, Exclusive Motor-Sports LLC, Exclusive Motor Sports & Collision Center

LLC, Exclusive Motor Cars LLC (hereinafter, "the Exclusive Motors" defendants), by their

attorneys, Ostrer & Associates, P.C., as and for their Answer to the Second Amended Complaint

filed herein, asserts as follows:

### Introduction

   1.  Deny so much of the allegations stated or contained in ¶ 1 of the Second Amended

Complaint as alleges that the Exclusive Motors defendants altered or forged a loan agreement or

engaged in any conduct in violation of, or is liable to plaintiff under any statute or law, and

otherwise neither admit nor deny the allegations stated or contained in ¶ 1 of the Second Amended

Complaint as they merely purport to summarize the claims asserted against the defendants.

### Parties

   2.  Deny having knowledge or information sufficient to form a belief as the truth or

falsity of the allegations stated or contained in in paragraphs 2 and 6 of the Second Amended

Complaint.

3.      Deny the allegations stated or contained in paragraph 3 of the Second Amended Complaint, except admit that Exclusive Motor-Sports LLC is a New York Limited Liability Company organized in the State of New York with offices at 279 Route 32, Central Valley, New York.

4.      Deny the allegations stated or contained in paragraph 4 of the Second Amended Complaint, except admit that Exclusive Motor Sports & Collision Center LLC is a New York Limited Liability Company organized in the State of New York with offices at 279 Route 32, Central Valley, New York.

5.      Deny the allegations stated or contained in in paragraph 5 of the Second Amended Complaint, except admit that Exclusive Motor Cars LLC is a New York Limited Liability Company organized in the State of New York with offices at 279 Route 32, Central Valley, New York.

## Jurisdiction and Venue

6.      Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in ¶s 7, 8, 9, 10, 11 and 12 of the Second Amended Complaint and refer all questions of law to the Court.

## Facts

7.      Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in ¶13 of the Second Amended Complaint, except admit, upon information and belief, that Plaintiff visited Defendant's premises on multiple occasions.

2

8.       Deny the allegations stated or contained in ¶ 14 of the Second Amended Complaint except admits that Exclusive Motors sells cars.

9.       Deny the allegations stated or contained in ¶s 15, 16, 17, 18, 25, 26 and 46 of the Second Amended Complaint.

10.      Admit so much of ¶ 19 of the Second Amended Complaint as alleges the plaintiff signed a contract as Buyer setting forth the purchase price of the vehicle, and otherwise refer the Court to the contract as the best evidence of the contents and substance thereof.

11.      Deny the allegations contained in paragraphs 20 and 21 of the Second Amended Complaint, except admit that Plaintiff signed loan documents.

12.      Deny the allegations stated or contained in paragraph 22 of the Second Amended Complaint, except admit that plaintiff was provided with a copy of the contract.

13.      Deny allegations stated or contained in paragraphs 23 and 24 of the Second Amended Complaint, except admit that Plaintiff was denied the loan.

14.      Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 27 of the Second Amended Complaint, except admit, upon information and belief, that Mid-Hudson Valley Federal Credit Union denied Plaintiff's loan application.

15.      Deny the allegations stated or contained in paragraph 28, except admit that documents were forwarded to BFCU after execution by Plaintiff.

16.      Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in ¶s 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51 and 52 of the Second Amended Complaint.

3

17.    Deny the allegations as stated in ¶ 47 of the Second Amended Complaint, except admit that an indictment was handed down against Saaed Moslem, and refer the Court to the indictment as the best evidence of its substance and contents.

**Answering Count I**

18.    Answering ¶ 53 of the Second Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 17 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

19.    Deny the allegations as stated in ¶s 54 and 55 of the Second Amended Complaint and refer all questions of law to the Court.

20.    Deny the allegations stated or contained in ¶ 56 of the Second Amended Complaint.

21.    Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in ¶ 57 of the Second Amended Complaint.

**Answering Count II**

22.    Answering ¶ 58 of the Second Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 21 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

23.    Deny the allegations stated or contained in ¶s 59 through 63 of the Second Amended Complaint.

**Answering Count III**

24.    Answering ¶ 59 of the Second Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 23 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

25.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in ¶s 65 through 72 of the Second Amended Complaint, except deny so much of ¶ 70 as alleges that Exclusive Motors has a history of bank fraud.

### Answering County IV

26.     Answering ¶ 73 of the Second Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 25 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

27.     Deny the allegations stated or contained in ¶s 74 through 77 of the Second Amended Complaint.

### Answering Count V

28.     Answering ¶ 78 of the Second Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 19 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

29.     Deny the allegations stated or contained in ¶ 79 of the Second Amended Complaint.

### Answering County VI

30.     Answering ¶ 80 of the Second Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 29 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

31.     Deny the allegations stated or contained in ¶s 81 through 88 of the Second Amended Complaint.

**Answering County VII**

32.     Answering ¶ 89 of the Second Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 31 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

33.     Neither admit nor deny the allegations as stated or contained in ¶ 90 of the Second Amended Complaint, as they purport to state conclusions of law, not fact, and refer the Court to the referenced statute as the best evidence of its substance and content.   To the extent the allegations are construed to assert facts, they are denied.

34.     Deny the allegations stated or contained in ¶s 91, 92, 94, 95, 96 and 97 of the Second Amended Complaint.

35.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in ¶ 93 of the Second Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

36.     The Second Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

37.     Any injuries and/or damages which may have been sustained by the plaintiff at the time and place set forth in the complaint were caused, in whole or in part, by reason of the plaintiffs' own culpable conduct and any judgement or verdict against the Defendants should be reduced accordingly.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38.     If Plaintiffs sustained any injury or damages as alleged in the Complaint, the answering

Defendants are entitled to contribution from any person responsible for said injuries or damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39.     Plaintiff has failed to mitigate her damages, if any.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38.     Any injuries and/or damages which may have been sustained by the plaintiff at the time

and place set forth in the complaint were caused, in whole or in part, by the acts or omissions of

third parties not under the Defendants' control and as a result Plaintiff's claims are barred and/or

any damages arising out of Plaintiff's claims should be reduced accordingly.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39.     Any injuries and/or damages which may have been sustained by the plaintiffs at the time

and place set forth in the complaint were caused, in whole or in part, by independent or intervening

causes over which Defendants had no control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40.     Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41.     Plaintiff may not assert a claim under 15 U.S.C. § 1681m as there is no private right of

action for violations of section 1681m that occurred after December 1, 2004 and Count II of the

Complaint must be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42.     Count VII of the Second Amended Complaint must be dismissed because the alleged conduct did not have had a broad impact on consumers at large.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

43.     Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 43 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

45.     Plaintiff applied for credit through defendants in order to purchase and obtain title to the subject car.

46.     Defendants asked Plaintiff to produce evidence of employment and income for the years 2017 and 2018 to apply for credit on her behalf.

47.     Plaintiff falsely represented to Defendants her income and employment for the year 2017.

48.     Plaintiff knew that she did not have, and that she could she produce documentation of employment and income for 2017.

49.     Plaintiff made those misrepresentations in order to induce Defendants to sell her the subject vehicle.

50.     In reliance on plaintiff's false representations as to her employment and income, defendants applied for credit on behalf of Plaintiff.

51.     Defendants reasonably relied on plaintiff's false representations as to her employment and income and was thereby induced by Plaintiff to allow Plaintiff to take possession of the vehicle before obtaining credit approval and before plaintiff paid for the vehicle.

52.    As a result of her false representations to Defendants, Plaintiff took possession of the automobile before obtaining a loan to pay for the automobile and before obtaining title to the vehicle.

53.    Upon information and belief, Plaintiff represented to her automobile liability insurance carrier that she was the owner of the automobile.

54.    Plaintiff represented to her insurance company that Bethpage Federal Credit Union was a secured party in connection with said insurance.

55.    Plaintiff owed Defendants a duty of care to maintain the vehicle in good condition and repair while it was in her possession and under her control and before she took title to the vehicle.

56.    Upon information and belief, Plaintiff, or persons whom she authorized to operate her motor vehicle, were involved in an accident thereby damaging the motor vehicle.

57.    Plaintiff submitted a claim to her insurance company attesting to the fact that she was the party in interest in connection with the loss and seeking reimbursement for repairs to the automobile.

58.    Plaintiff authorized repairs be made to the automobile.

59.    Plaintiff, or persons authorized by Plaintiff, used the motor vehicle subsequent to receiving possession of same and drove the motor vehicle for approximately 5,000 miles or more prior to the accident.

60.    Plaintiff caused permanent damage to the motor vehicle, thereby depreciating its value and informed Defendants that she was not going to pay for the automobile and that they could retrieve the automobile from the repair shop where she had taken it to be repaired.

61.    As a result of the foregoing, the value of the automobile when it was retrieved by defendants had depreciated by $10,000.00.

62.    As a result of the foregoing, defendants have been damaged in the amount of $10,000.00.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

63.    Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 62 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

64.    As a result of the foregoing an express and/or implied contract was created between plaintiff and defendants.

65.    Pursuant to the contract, Defendants allowed plaintiff to take possession of the motor vehicle while her loan application was pending.

66.    Pursuant to the contract, plaintiff was to return the vehicle to Defendants in the same condition as when she took possession of it if she did not obtain financing or otherwise pay for the vehicle.

67.    Plaintiff breached the implied contract by returning the vehicle to defendants in a damaged condition.

68.    As a result of the foregoing, Defendants are entitled to recover of plaintiff the difference between the fair market value of the vehicle when plaintiff took possession of it and when it was returned.

69.    As a result of the foregoing, defendants have been damaged in the amount of $10,000.00.

10

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM

70. Defendants repeat, reiterate and reallege each and every response to the allegations contained in ¶s 1 through 69 of this Answer, inclusive, with the same force and effect as if more fully set forth herein.

71. Plaintiff had possession and use of the automobile from approximately February 16, 2019 through May 6, 2016.

72. The rental or lease value of the vehicle is $600.00 per month, no part of which was paid by plaintiff.

73. As a result of the foregoing, plaintiff has been unjustly enriched at defendants' expense.

74. As a result of the foregoing, defendants are entitled to the rental or lease value of the vehicle in the amount of $1,800.00.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT BFCU

75. If the plaintiff was caused to sustain the injuries and damages at the time and manner alleged in the Second Amended Complaint and if such injuries and damages were not sustained by reason of the plaintiff's negligence, acts, omission or culpable conduct,  in whole or in part, then such injuries and damages were sustained as a result of the primary, active and affirmative negligence, acts, recklessness, omissions, intentional and/or culpable conduct of the co-defendant BFCU , and these answering defendants do claim contribution over and against the co-defendant BFCU.

76. If the plaintiff recovers a verdict or judgment against these answering defendants by reason of the aforesaid, said defendants will be entitled by law or equity to be indemnified in whole or in part by the co-defendant BFCU.

11

**WHEREFORE**, the Exclusive Motors Defendants demand judgment dismissing the Second Amended Complaint together with the costs and disbursements, and further demand that the relative responsibilities of the said defendants be apportioned and that these answering defendants have contribution, indemnification and judgment against the co-defendant BFCU for any verdict or judgment that may be recovered against said answering defendants by the plaintiffs in this action together with all the costs of investigation, disbursements, expenses and attorneys' fees incurred in the defense of this action.

Dated:  Chester, New York
        November 3, 2020

Yours, etc.

David L. Darwin
Ostrer & Associates, P.C.
Attorneys for Defendants, Exclusive Motor-Sports
LLC, Exclusive Motor Sports & Collision
Center LLC, Exclusive Motor Cars LLC
111 Main Street, P.O. Box 509
Chester, New York 10918
(845) 469-7577

TO:  All counsel of record via E-file