UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DANA STEPHENSON,                                        Docket No.:
                                                        20-cv-01332(PMH)
                        Plaintiff,

        -against-

EXCLUSIVE MOTOR-SPORTS LLC, EXCLUSIVE
MOTOR SPORTS & COLLISION CENTER LLC,
EXCLUSIVE MOTOR CARS LLC, and
BETHPAGE FEDERAL CREDIT UNION,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## **ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

Defendant BETHPAGE FEDERAL CREDIT UNION ("BFCU"), by and through its attorneys, Rivkin Radler LLP, respectfully submits the following, upon information and belief, as and for its Answer to the Second Amended Complaint of Plaintiff DANA STEPHENSON ("Plaintiff") filed on September 23, 2020:

1.      Paragraph "1" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies each and every allegation contained in paragraph "1" of Plaintiff's Second Amended Complaint.

2.      BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of Plaintiff's Second Amended Complaint.

3.      BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of Plaintiff's Second Amended Complaint.

4.      BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4" of Plaintiff's Second Amended Complaint.

5. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of Plaintiff's Second Amended Complaint.

6. BFCU admits each and every allegation contained in paragraph "6" of Plaintiff's Second Amended Complaint.

7. Paragraph "7" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of Plaintiff's Second Amended Complaint.

8. Paragraph "8" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of Plaintiff's Second Amended Complaint.

9. Paragraph "9" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of Plaintiff's Second Amended Complaint.

10. Paragraph "10" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or

information sufficient to form a belief as to each and every allegation contained in paragraph "10" of Plaintiff's Second Amended Complaint.

11. Paragraph "11" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of Plaintiff's Second Amended Complaint.

12. Paragraph "12" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of Plaintiff's Second Amended Complaint.

13. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13" of Plaintiff's Second Amended Complaint.

14. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14" of Plaintiff's Second Amended Complaint.

15. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of Plaintiff's Second Amended Complaint.

16. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of Plaintiff's Second Amended Complaint.

17. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "17" of Plaintiff's Second Amended Complaint.

18. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "18" of Plaintiff's Second Amended Complaint.

19. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19" of Plaintiff's Second Amended Complaint.

20. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20" of Plaintiff's Second Amended Complaint.

21. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "21" of Plaintiff's Second Amended Complaint.

22. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of Plaintiff's Second Amended Complaint.

23. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of Plaintiff's Second Amended Complaint.

24. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of Plaintiff's Second Amended Complaint.

25. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of Plaintiff's Second Amended Complaint.

26. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "26" of Plaintiff's Second Amended Complaint.

27. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27" of Plaintiff's Second Amended Complaint,

28. BFCU denies each and every allegation contained in paragraph "28" of Plaintiff's Second Amended Complaint, except admits that BFCU received certain documents on March 29, 2019, and respectfully refers this Court to those documents for their true contents.

29. BFCU denies each and every allegation contained in paragraph "29" of Plaintiff's Second Amended Complaint.

30. BFCU denies each and every allegation contained in paragraph "30" of Plaintiff's Second Amended Complaint, except admits that BFCU sent Plaintiff correspondence dated March 29, 2019, and respectfully refers this Court to said correspondence for its true contents.

31. Paragraph "31" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies each and every allegation contained in paragraph "31" of Plaintiff's Second Amended Complaint.

32. Paragraph "32" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies each and every allegation contained in paragraph "32" of Plaintiff's Second Amended Complaint.

33. BFCU denies each and every allegation contained in paragraph "33" of Plaintiff's Second Amended Complaint, except admits that BFCU sent Plaintiff correspondence dated April 4, 2019, and respectfully refers this Honorable Court to said correspondence for its true contents.

34. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "34" of Plaintiff's Second Amended Complaint.

35. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35" of Plaintiff's Second Amended Complaint.

36. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "36" of Plaintiff's Second Amended Complaint.

37. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "37" of Plaintiff's Second Amended Complaint.

38. BFCU denies each and every allegation contained in paragraph "38" of Plaintiff's Second Amended Complaint, and respectfully refers this Court to any notices sent by BFCU to Plaintiff for their true contents.

39. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "39" of Plaintiff's Second Amended Complaint.

40. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "40" of Plaintiff's Second Amended Complaint.

41. BFCU denies each and every allegation contained in paragraph "41" of Plaintiff's Second Amended Complaint, and respectfully refers this Court to any documents provided by BFCU to Plaintiff for their true contents.

42. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "42" of Plaintiff's Second Amended Complaint.

43. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "43" of Plaintiff's Second Amended Complaint.

44. BFCU denies knowledge or information sufficient to form a belief as to each and every each and every allegation contained in paragraph "44" of Plaintiff's Second Amended Complaint, except denies that BFCU obtained Plaintiff's credit report without authorization.

45. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "45" of Plaintiff's Second Amended Complaint.

46. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "46" of Plaintiff's Second Amended Complaint.

47. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "47" of Plaintiff's Second Amended Complaint.

48. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "48" of Plaintiff's Second Amended Complaint, and respectfully refers this Honorable Court to the email referenced in this paragraph for its true contents.

49. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "49" of Plaintiff's Second Amended Complaint, and respectfully refers this Honorable Court to the email referenced in this paragraph for its true contents.

50. BFCU denies each and every allegation contained in paragraph "50" of Plaintiff's Second Amended Complaint, and respectfully refers this Honorable Court to the email referenced in paragraphs "48" and "49" for its true contents.

51. BFCU denies each and every allegation contained in paragraph "51" of Plaintiff's Second Amended Complaint, except admits that it purchased Collateral Protection Insurance for the vehicle purchased by Plaintiff, and respectfully refers this Honorable Court to the Notice of Placement of Insurance, dated August 5, 2019, for its true contents.

52. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "52" of Plaintiff's Second Amended Complaint, except denies that it had been on notice since at least August 5, 2019 that Exclusive Motor Sports was indicted for submitting false credit applications to banks, and admits that it purchased Collateral Protection Insurance for the vehicle purchased by Plaintiff, and respectfully refers this Honorable Court to the Notice of Placement of Insurance, dated August 5, 2019, for its true contents.

## Count I
## Truth in Lending Act Violations by Exclusive Motor Sports and BFCU

53. Responding to paragraph "53" of Plaintiff's Second Amended Complaint, BFCU repeats and reiterates its responses to the allegations set forth in paragraphs "1" through "52" of Plaintiff's Second Amended Complaint with the same force and effect as if fully set forth at length herein.

54. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "54" of Plaintiff's Second Amended Complaint.

55. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "55" of Plaintiff's Second Amended Complaint.

56. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56" of Plaintiff's Second Amended Complaint.

57. BFCU denies each and every allegation contained in paragraph "57" of Plaintiff's Second Amended Complaint.

## Count II
## Fair Credit Reporting Act Violations by Exclusive Motor Sports and BFCU

58. Responding to paragraph "58" of Plaintiff's Second Amended Complaint, BFCU repeats and reiterates its responses to the allegations set forth in paragraphs "1" through "57" of Plaintiff's Second Amended Complaint with the same force and effect as if fully set forth at length herein.

59. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "59" of Plaintiff's Second Amended Complaint.

60. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "60" of Plaintiff's Second Amended Complaint.

61. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "61" of Plaintiff's Second Amended Complaint.

62. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "62" of Plaintiff's Second Amended Complaint.

63. BFCU denies each and every allegation contained in paragraph "63" of Plaintiff's Second Amended Complaint.

## Count III
## Fair Credit Reporting Act Violations by BFCU

64. Responding to paragraph "64" of Plaintiff's Second Amended Complaint, BFCU repeats and reiterates its responses to the allegations set forth in paragraphs "1" through "63" of Plaintiff's Second Amended Complaint with the same force and effect as if fully set forth at length herein.

65. Paragraph "65" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "65" of Plaintiff's Second Amended Complaint.

66. BFCU denies each and every allegation contained in paragraph "66" of Plaintiff's Second Amended Complaint.

67. BFCU denies each and every allegation contained in paragraph "67" of Plaintiff's Second Amended Complaint.

68. BFCU denies each and every allegation contained in paragraph "68" of Plaintiff's Second Amended Complaint.

69. BFCU denies each and every allegation contained in paragraph "69" of Plaintiff's Second Amended Complaint.

70. BFCU denies each and every allegation contained in paragraph "70" of Plaintiff's Second Amended Complaint.

71. BFCU denies each and every allegation contained in paragraph "71" of Plaintiff's Second Amended Complaint.

72. BFCU denies each and every allegation contained in paragraph "72" of Plaintiff's Second Amended Complaint.

## Count IV
## Equal Credit Opportunity Act Violations by Exclusive Motor Sports and BFCU

73. Responding to paragraph "73" of Plaintiff's Second Amended Complaint, BFCU repeats and reiterates its responses to the allegations set forth in paragraphs "1" through "72" of Plaintiff's Second Amended Complaint with the same force and effect as if fully set forth at length herein.

74. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "74" of Plaintiff's Second Amended Complaint.

75. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "75" of Plaintiff's Second Amended Complaint.

76. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "76" of Plaintiff's Second Amended Complaint.

77. BFCU denies each and every allegation contained in paragraph "77" of Plaintiff's Second Amended Complaint.

## Count V
### Declaratory Relief against Exclusive Motor Sports and BFCU

78. Responding to paragraph "78" of Plaintiff's Second Amended Complaint, BFCU repeats and reiterates its responses to the allegations set forth in paragraphs "1" through "77" of Plaintiff's Second Amended Complaint with the same force and effect as if fully set forth at length herein.

79. BFCU denies each and every allegation contained in paragraph "79" of Plaintiff's Second Amended Complaint as asserted against BFCU.

## Count VI
### Common Law Fraud Violations by Exclusive Motor Sports and BFCU

80. Responding to paragraph "80" of Plaintiff's Second Amended Complaint, BFCU repeats and reiterates its responses to the allegations set forth in paragraphs "1" through "79" of Plaintiff's Second Amended Complaint with the same force and effect as if fully set forth at length herein.

81. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "81" of Plaintiff's Second Amended Complaint.

82. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "82" of Plaintiff's Second Amended Complaint as asserted against BFCU.

83. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "83" of Plaintiff's Second Amended Complaint.

84. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "84" of Plaintiff's Second Amended Complaint.

85. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "85" of Plaintiff's Second Amended Complaint.

86. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "86" of Plaintiff's Second Amended Complaint.

87. BFCU denies each and every allegation contained in paragraph "87" of Plaintiff's Second Amended Complaint as asserted against BFCU.

88. BFCU denies each and every allegation contained in paragraph "88" of Plaintiff's Second Amended Complaint.

**Count VII**
**Violations of New York General Business Law § 349 by Exclusive Motor Sports and BFCU**

89. Responding to paragraph "89" of Plaintiff's Second Amended Complaint, BFCU repeats and reiterates its responses to the allegations set forth in paragraphs "1" through "88" of Plaintiff's Second Amended Complaint with the same force and effect as if fully set forth at length herein.

90. Paragraph "90" of Plaintiff's Second Amended Complaint states legal conclusions to which no response is required. BFCU respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "90" of Plaintiff's Second Amended Complaint.

91. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "91" of Plaintiff's Second Amended Complaint.

92. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "92" of Plaintiff's Second Amended Complaint.

93. BFCU denies each and every allegation contained in paragraph "93" of Plaintiff's Second Amended Complaint.

94. BFCU denies each and every allegation contained in paragraph "94" of Plaintiff's Second Amended Complaint as asserted against BFCU.

95. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "95" of Plaintiff's Second Amended Complaint.

96. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "96" of Plaintiff's Second Amended Complaint.

97. BFCU denies each and every allegation contained in paragraph "97" of Plaintiff's Second Amended Complaint.

**Prayer for Relief**

98. BFCU denies each and every allegation contained in the WHEREFORE paragraph in the Prayer for Relief section of Plaintiff's Second Amended Complaint as asserted against BFCU.

**Jury Demand**

99. BFCU denies knowledge or information sufficient to form a belief as to each and every allegation contained in the unnumbered paragraph under Jury Demand in Plaintiff's Second Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

100. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against BFCU.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

101. Plaintiff is barred from recovery by the doctrines of laches, waiver, estoppel and/or unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

102. Plaintiff is precluded from recovery, in whole or in part, due to Plaintiff's failure to take appropriate steps to avoid and/or mitigate the alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims are barred, in whole or in part, to the extent that interested, required, necessary and/or indispensable parties have not been joined in this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

104. If Plaintiff did sustain any loss or damage as alleged, which BFCU expressly denies, then all such losses or damages were caused, in whole or in part, by the fault, neglect, negligence, lack of care, and/or other culpable conduct of third parties or non-parties over whom BFCU had no control, and, as a consequence, Plaintiff's claims are barred and/or any damages arising out of Plaintiff's claims should be reduced accordingly.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

105. BFCU did not violate the Fair Credit Reporting Act and is entitled to each and every defense and/or limitation of liability set forth therein.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106. BFCU is not liable to Plaintiff for the claims asserted by Plaintiff against Exclusive Motor-Sports LLC, Exclusive Motor Sports & Collision Center LLC, and Exclusive Motor Cars LLC in this action, including Counts I, II, IV, VI, VII asserted in Plaintiff's Second Amended Complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

107. BFCU is not liable to Plaintiff pursuant to 16 C.F.R. § 433.2 for the claims asserted by Plaintiff against Exclusive Motor-Sports LLC, Exclusive Motor Sports & Collision

Center LLC, and Exclusive Motor Cars LLC in this action, including Counts I, II, IV, VI, VII asserted in the Second Amended Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108. To the extent that this Court finds that BFCU is liable to Plaintiff pursuant to 16 C.F.R. § 433.2 for the claims asserted by Plaintiff against Exclusive Motor-Sports LLC, Exclusive Motor Sports & Collision Center LLC, and Exclusive Motor Cars LLC, BFCU's liability thereunder is limited to the amounts actually paid by Plaintiff and here, Plaintiff has not actually paid anything with respect to the purportedly fraudulent loan.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

109. There is no private right of action for a violation of 15 U.S.C. § 1681m.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

110. BFCU specifically reserves the right to assert, at a later date, any and all affirmative defenses not asserted herein, which further investigation and discovery may prove viable against Plaintiff.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL CO-DEFENDANTS
**(Contractual Indemnification)**

111. Upon information and belief, at all relevant times, co-Defendant Exclusive Motor-Sports LLC was and is a New York limited liability company with its principal place of business located at 279 Route 32, Central Valley, New York, 10917.

112. Upon information and belief, at all relevant times, co-Defendant Exclusive Motor Sports & Collision Center LLC was and is a New York limited liability company with its principal place of business located at 279 Route 32, Central Valley, New York, 10917.

113. Upon information and belief, at all relevant times, co-Defendant Exclusive Motor Cars LLC was and is a New York limited liability company with its principal place of business

located at 279 Route 32, Central Valley, New York, 10917 (co-Defendants Exclusive Motor-Sports LLC, Exclusive Motor Sports & Collision Center LLC, and Excusive Motors Cars LLC are referred to, collectively, as the "Exclusive Motor Defendants").

114. On or about April 7, 2009, the Exclusive Motor Defendants executed the CU Direct Corporation Dealer Agreement (the "Agreement") with CU Direct Corporation ("CUDC").

115. CUDC operates the Credit Union Direct Lending System for approval of retail installment sales contracts ("RICs") for members of participating Credit Unions and for other potential auto purchasers, whose RIC is sold to either a Credit Union or other financial institutions while a member or other purchaser is at a dealer's place of business.

116. Pursuant to the Agreement, the Exclusive Motor Defendants agreed to participate in CUDC's Credit Union Direct Lending System to facilitate the purchase of vehicles using RICs.

117. As set forth in the Agreement, the Exclusive Motor Defendants agreed to defend and indemnify, among others, any Credit Union or other financial institution against and hold them harmless from and against all claims, actions, suits, proceedings, costs, expenses, losses, damages, defenses, and liabilities, including reasonable attorneys' fees, arising out of, connected with, relating to or resulting from any claim or contention, whether well-founded, baseless or otherwise, howsoever relating in any way to the vehicle or the advertising or sale of the vehicle or relating in any way to the making of the RIC, including, but not limited to, a violation of, or failure to comply properly with, any consumer laws relating to the member's or other purchaser's application, the RIC Form, this Agreement, any negligent or intentional act or omission, failure to properly service the vehicle, breach of warranty, or nonconformity of goods.

118. Pursuant to the Agreement, the Exclusive Motor Defendants are obligated to indemnify BFCU in connection with Plaintiff's claims in the instant action.

119. The Agreement expressly provides that BFCU, as a financial institution, is a third-party beneficiary of the Agreement and may enforce the terms of and provisions of the Agreement against the Exclusive Motor Defendants and may pursue against the Exclusive Motor Defendants any and all rights and remedies it may have at law or equity, without limitation or qualification, as if it were an original party to the Agreement.

120. As such, if BFCU is found liable to Plaintiff herein, BFCU is entitled to judgment over and against the Exclusive Motor Defendants on the basis of contractual indemnification for the full amount of any verdict or judgment which Plaintiff may recover against BFCU, plus attorneys' fees, costs, and expenses incurred by BFCU in the defense of this action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST ALL CO-DEFENDANTS
**(Common Law Indemnification)**

121. To the extent that Plaintiff sustained damages at the time and place and in the manner and due to the circumstances set forth in Plaintiff's Second Amended Complaint, due to acts and/or omissions other than Plaintiff's own carelessness, recklessness, negligence, acts, or omissions, said damages were caused solely by reason of the carelessness, recklessness, negligence, willfulness, acts, and/or omissions of the Exclusive Motor Defendants.

122. As such, if BFCU is found liable to Plaintiff herein, BFCU is entitled to judgment over and against the Exclusive Motor Defendants on the basis of common law indemnification for the full amount of any verdict or judgment which Plaintiff may recover against BFCU, plus attorneys' fees, costs, and expenses incurred by BFCU in the defense of this action.

### RESERVATION OF RIGHTS

123. BFCU expressly reserves the right to amend this Answer and to assert additional

Affirmative Defenses and/or Cross-Claims, and to supplement, alter, or amend this Answer with Affirmative Defenses and Cross-Claims upon revelation of more definitive facts by Plaintiff and/or the Exclusive Motor Defendants and/or upon BFCU's undertaking of discovery and investigation of this matter.  Accordingly, BFCU's right to assert additional Affirmative Defenses and/or Cross-Claims, if and to the extent that such Affirmative Defenses and/or Cross-Claims are applicable, is hereby reserved.

WHEREFORE, BFCU hereby demands judgment (i) dismissing Plaintiff's Second Amended Complaint in its entirety; and (ii) over and against the Exclusive Motor Defendants for the full amount of any recovery herein by Plaintiff against BFCU, plus attorneys' fees, costs, and expenses incurred by BFCU in the defense of this action, along with such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
       November 6, 2020

        Respectfully submitted,

        RIVKIN RADLER LLP

        By: */s/ Michelle A. Bholan*
            Michael P. Versichelli
            Michelle A. Bholan
        926 RXR Plaza
        Uniondale, New York 11556
        Telephone:   (516) 357-3000
        Facsimile:   (516) 357-3333

        *Attorneys for Defendant Bethpage Federal Credit Union*

cc:   All counsel of record (via ECF)