UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
DANA STEPHENSON,

                       Plaintiff,            No. 20-CV-01332 (PMH)

  -against-

                                       ANSWER TO COUNTERCLAIM

EXCLUSIVE MOTOR-SPORTS LLC, EXCLUSIVE     Jury Demanded
MOTOR SPORTS & COLLISION CENTER LLC,
EXCLUSIVE MOTOR CARS LLC, and
BETHPAGE FEDERAL CREDIT UNION,

                       Defendants.
_____x

Comes now your Plaintiff, and as her Answer to the Counterclaim filed by Defendants Exclusive Motor-Sports LLC., Exclusive Motor Sports & Collision Center, LLC., and Exclusive Motor Cars LLC., respectfully states as follows:

1. Plaintiff incorporates her allegations contained in her Amended Complaint.

2. The allegations of paragraph 45 of the Counterclaim are denied as phrased. Plaintiff applied for credit through Defendants one time only on February 16, 2019.

3. The allegations of paragraph 46 of the Counterclaim are denied as phrased. It is admitted that after the February 16, 2019 purchase transaction was completed, Defendants requested Plaintiff provide her tax returns as proof of income.

4. The allegations of paragraph 47 of the Counterclaim are denied.

5. The allegations of paragraph 48 of the Counterclaim are denied.

6. The allegations of paragraph 49 of the Counterclaim are denied.

7. The allegations of paragraph 50 of the Counterclaim are denied.

8. The allegations of paragraph 51 of the Counterclaim are denied.

9. The allegations of paragraph 52 of the Counterclaim are denied.

10. The allegations of paragraph 53 of the Counterclaim are denied.

11. The allegations of paragraph 54 of the Counterclaim are denied.

12. The allegations of paragraph 55 of the Counterclaim call for a legal conclusion. To the extent an answer is required, the allegations are denied

13. The allegations of paragraph 56 of the Counterclaim are denied as phrased. It is admitted that after Defendants assured her that the documents she had signed were null and void and that they were entering into a sales transaction with Peter Molinsky, the car was in an accident. Plaintiff was not under contract for the car at this time, and did not have possession or access to the car at this time.

14. The allegations of paragraph 57 of the Counterclaim are denied. It is admitted that Peter Molinsky submitted a claim to his insurance, as the insured driver who crashed the car, and that the car was fully repaired under said insurance.

15. The allegations of paragraph 58 of the Counterclaim are denied.

16. The allegations of paragraph 59 of the Counterclaim are denied.

17. The allegations of paragraph 60 of the Counterclaim are denied.

18. The allegations of paragraph 61 of the Counterclaim are denied.

19. The allegations of paragraph 62 of the Counterclaim are denied.

20. In response to the allegations of paragraph 63 of the Counterclaim, Plaintiff incorporates the allegations of her Amended Complaint and of the responses to the Counterclaim set forth above.

21. The allegations of paragraph 64 of the Counterclaim call for a legal conclusion. To the extent an answer is required, the allegations are denied.

22. The allegations of paragraph 65 of the Counterclaim call for a legal conclusion. To the extent an answer is required, the allegations are denied.

23. The allegations of paragraph 66 of the Counterclaim call for a legal conclusion. To the extent an answer is required, the allegations are denied.

24. The allegations of paragraph 67 of the Counterclaim are denied.

25. The allegations of paragraph 68 of the Counterclaim are denied.

26. The allegations of paragraph 69 of the Counterclaim are denied.

27. In response to the allegations of paragraph 70 of the Counterclaim, Plaintiff incorporates the allegations of her Amended Complaint and of the responses to the Counterclaim set forth above.

28. The allegations of paragraph 71 of the Counterclaim are denied.

29. The allegations of paragraph 72 of the Counterclaim are denied.

30. The allegations of paragraph 73 of the Counterclaim are denied.

31. The allegations of paragraph 74 of the Counterclaim are denied.

32. Any allegation not specifically admitted is hereby deemed denied.

33. The Counterclaim fails to set forth a claim upon which relief may be granted.

34. Plaintiff intends to assert the defense of failure to mitigate damages.

35. Plaintiff intends to assert the defenses of setoff, offset and recoupment.

36. Plaintiff intends to assert the defense that Defendant is barred from claiming a deficiency or damage balance, as the disposition of the vehicle was not commercially reasonable under NY UCC §9-613, 614, 626.

37. Plaintiff intends to assert the defense that the Counterclaim is barred by the doctrine of unclean hands.

38. Plaintiff intends to assert the defense that any damages which may have been sustained by Defendant were caused by a third party over whom Plaintiff had no control.

39. Any damages which may have been sustained by the Defendant as alleged in the Counterclaim were caused, in whole or in part, by reason of Defendant's own culpable conduct, and any judgment or verdict thereon should be reduced accordingly.

40. Defendant's claim for damage to the vehicle is barred by New York General Business Law §396-Z(3) and (5), as Defendant did not conduct a physical survey upon the return of the vehicle, or within 10 days after the return of the vehicle, nor did Defendant furnish and incident report form and notice to Plaintiff.  Further, Defendant's claim for damages to the vehicle is barred by New York General Business Law §396-Z(6)(b), as Defendant has acknowledged that it did not incur any costs to repair the vehicle, and instead have acknowledged that the vehicle was repaired by Plaintiff or her agents. Defendant's claim for damages to the vehicle is further barred by New York General Business Law §396-Z(9).

41. Plaintiff reserves the right to assert any and all other and further affirmative defenses which she becomes aware of through investigation and discovery.

Dated: New York, New York
       November 25, 2020

                                        Respectfully submitted,
                                        Bromberg Law Office, P.C.

                                        By: /s/ *Brian L. Bromberg*
                                            Brian L. Bromberg
                                            One of Plaintiffs' Attorneys

<u>Attorneys for Plaintiffs</u>:
Brian L. Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Tel: (212) 248-7906

Thomas R. Breeden
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel: (703) 361-9277
Admitted *pro hac vice*

4