

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

September 29, 2021

Judge Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    Dana Stephenson v. Exclusive Motor Sports et. al.
           20-CV-01332-PMH

Dear Judge Halpern:

    I hope this correspondence finds you and your staff healthy and safe. As you are aware on, August 9, 2021, I filed a Notice of Appearance as Counsel for the Defendants, EXCLUSIVE MOTOR-SPORTS LLC, EXCLUSIVE, MOTOR SPORTS & COLLISION CENTER LLC, EXCLUSIVE MOTOR CARS LLC.

    Due to recent developments in the underlying criminal matter pending before this court *United States v. Moslem*, 19-547 (CS), which include but not limited to the filing of a Notice of Appearance by new incoming counsel, and correspondence received from client terminating my representation, have made it clear that there has been a significant erosion of the attorney-client relationship, whereby I must withdraw as counsel of record for defendants.

    Pursuant to Southern District of New York Local Rule 1.4, Emouna & Mikhail PC respectfully submits this letter motion to withdraw as counsel of record for Defendants in the above-captioned matter and for all dates in the case to be briefly adjourned pending the resolution of this motion and in the event that this application is granted.

    The general basis for the motion is that withdrawal is appropriate based on NY Rules of Prof. Con. Rule 1.16(b)(3) (without cause) and 1.16(c)(1), (4), (5), (7) and (10).

    Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel. Rule 1.4 provides, in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

    Local Civ. R. 1.4. Thus, when considering whether to grant a motion to withdraw under Rule 1.4, a court must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. See, e.g., *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). With respect to the latter factor, a court must consider "the posture of the case" and "whether the prosecution of the suit is likely to be

disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (per curiam) (alteration and internal quotation marks omitted).

Under Rule1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson,* 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw."). Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8).

New York Courts have permitted withdrawal where a conflict of interest arises between an attorney and client. *See, e.g., International Business Counselors, Inc. v. Bank of Ikeda, Ltd*., 1990 U.S. Dist. LEXIS 2550 (S.D.N.Y. Mar. 9, 1990). A conflict of interest occurs if, during the course of the representation, the attorney's and client's interests diverge with respect to a material factual or legal issue or to a course of action. *See United States v. Malpiedi*, 62 F.3d 465, 469 (2d `Cir. 1995)).

For the foregoing reasons, Emouna & Mikhail PC respectfully requests that the Court grant its motion to withdraw as counsel of record for Defendants and briefly continue the scheduled dates in the case.

        Respectfully submitted,

        MATIN EMOUNA

CC:    brian@bromberglawoffice.com
           trb@tbreedenlaw.com